■ PATRICIA R. WILLIAMS, Appellant, v BERKSHIRE LIFE INSURANCE COMPANY, Respondent. — Appeal from an order of the Supreme Court at Special Term (Lynch, J.), entered July 22, 1982 in Madison County, which granted

defendant's motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 1). Plaintiff Patricia R. Williams instituted this action against defendant Berkshire Life Insurance Company, and she seeks a recovery based upon an accidental death benefits provision contained in a policy insuring the life of her husband. Concededly, her husband died of acute cardiac arrest on November 24, 1981 after shoveling snow and cleaning cars at his employer's place of business. At Special Term the court dismissed the complaint, pursuant to CPLR 3211 (subd [a], par 1), upon the ground that defendant had a valid defense thereto founded upon documentary evidence, and the instant appeal followed. We hold that the challenged order should be affirmed and, in so ruling, note the well-settled rule that a contract must be construed in accordance with unequivocal language contained therein so as to give effect to the clear intention of the contracting parties (*Breed v Insurance Co. of North Amer.*, 46 NY2d 351). Here, the unambiguous language of the insurance policy in question provides for the payment of an accidental death benefit only where the death results from "accidental bodily injury" which is "shown by a visible wound on the exterior of the body" or, alternatively, where the death is caused by drowning or an internal injury revealed by autopsy. Moreover, as noted above, it is undisputed that the decedent herein died of acute cardiac arrest with no pertinent wound to the exterior of his body alleged, and this fact is asserted in the complaint and the certificate of death. Additionally, the drowning provision is obviously not relevant in this death and the autopsy report likewise records no pertinent internal injury. Given these circumstances, it is obvious that plaintiff's claim is without merit because of the existence of a valid defense based upon documentary evidence in the record, and consequently, the motion to dismiss was properly granted. Cases relied on by plaintiff are readily distinguishable and most involved situations triggered by an accident of one kind or another or insurance policies containing ambiguous language. Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.