■ POWERS CHEMCO, INC., Appellant, v FEDERAL INSURANCE Co., Respondent.—In an action for a judgment declaring that certain comprehensive general liability insurance policies issued by the defendant provide coverage for damage to the environment which the plaintiff had been required to remedy, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Harwood, J.), dated September 30, 1985, as denied, in part, its cross motion to strike certain affirmative defenses set forth in the defendant's answer.

Order affirmed insofar as appealed from, with costs.

The plaintiff seeks to strike certain of the defendant's affirmative defenses because they were not raised in the defendant's letter of disclaimer, and the plaintiff argues that they were therefore waived. It is by now well established that any defenses which relate to the issues of coverage or noncov-

erage are not waivable, because the courts will not create coverage where none otherwise exists *(Schiff Assoc. v Flacke,* 51 NY2d 692). Of the affirmative defenses challenged on appeal, the third, tenth, eleventh, fifteenth and eighteenth concern the scope of coverage, and Special Term properly refused to dismiss them.

As to the remaining affirmative defenses in issue, while those defenses are possibly subject to waiver, dismissal is not warranted. Generally, a court can find a waiver where there is direct or circumstantial proof that the insurer intended to abandon the defense *(Schiff Assoc. v Flacke, supra).* Furthermore, whether or not the relinquishment of a right was intentional and with full knowledge of the facts upon which the existence of the right depended is a question of fact which should ordinarily be left for trial *(Amrep Corp. v American Home Assur. Co.,* 81 AD2d 325). In view of the defendant's letter of December 19, 1984, in which it stated that it was not addressing any question other than the scope of coverage, and its disclaimer letter which reserved the right to reevaluate as new facts became available, there are questions of fact as to whether the challenged affirmative defenses have been waived. Accordingly, Special Term properly denied so much of the plaintiff's cross motion as was to dismiss them. Mangano, J. P., Gibbons, Bracken and Spatt, JJ., concur.