ROBERT REINHART, Appellant, v TERRA NOVA INSURANCE COMPANY, LTD., et al., Respondents, et al., Defendants.

The appeal from so much of the order as granted the cross

motion of the defendant Lo Vullo Millemaci Associates, Inc. must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment thereon (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from that portion of the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff owns a seven-acre parcel of property. Situated on this parcel is an L-shaped barn used for commercial storage in which an apartment was built in 1964. The plaintiff insured the property against loss by fire with Terra Nova in 1978. On November 12, 1981, a fire occurred in the barn and the structure was destroyed. The fire was apparently caused by the activities of a commercial tenant who leased space in the barn. Terra Nova Insurance Company, Ltd., refused to make payment on the ground that the policy was intended to provide coverage for a dwelling and that the plaintiff had used the barn for commercial purposes.

The policy of insurance clearly and unambiguously excludes from coverage "structures used in whole or in part for business purposes", and it therefore clearly applies to the barn owned by the plaintiff (see, e.g., Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311; Utica Mut. Ins. Co. v Prudential Prop. & Cas. Ins. Co., 103 AD2d 60, 63, affd 64 NY2d 1049). Contrary to the plaintiff's assertion, the respondents are not estopped from denying coverage if in fact they did know of the commercial use of the barn. The doctrine of estoppel is inapplicable where the issue is the existence or nonexistence of coverage, such as the situation at bar where the property which has been insured is subject to an exclusion (see, Schiff Assoc. v Flack, 51 NY2d 692, 698; see also, Zappone v Home Ins. Co., 55 NY2d 131; United Servs. Auto. Assn. v Meier, 112 AD2d 288, 290). Nor can the plaintiff recover on the policy for the loss of the apartment which was not being used for commercial purposes. The record clearly indicates that the apartment was built inside of the barn and is, therefore, a part of the barn which is excluded from coverage. Because the provisions of the policy are clear and unambiguous, we are compelled to adopt their plain and ordinary meaning. We decline to rewrite the insurance policy to extend coverage to the subject premises (see, Government Employees Ins. Co. v Kligler, 42 NY2d 863, 864). Mangano, J. P., Weinstein, Lawrence and Eiber, JJ., concur.