■ GEORGE DEMAKOS et al., Appellants, v TRAVELERS INSURANCE COMPANY, Respondent. [613 NYS2d 709] —In an action, *inter alia,* for a judgment declaring the rights of the parties under a liability insurance policy, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Lane, J.), dated June 23, 1992, which granted the motion of the defendant insurer for a declaration that it had no duty to defend or indemnify the plaintiffs in an

underlying negligence action and to dismiss the plaintiffs' cause of action for damages.

Ordered that the order and the judgment is affirmed, with costs.

After being sued by a tenant for physical injuries caused by cigarette smoke which allegedly seeped into the tenant's premises from the pool and billiard club in the basement of the building, the insured landlord sought coverage from the insurer under his business liability insurance policies. The insurer disclaimed, based on the pollution exclusion clauses in the policies. Thereafter, the insured brought the instant action. Upon the insurer's motion, the Supreme Court held that the language of the pollution exclusion was clear and unambiguous and that the complaint in the underlying personal injury action fell within the four corners of the exclusion. We agree.

The two identical exclusion clauses in the two policies in effect at the time stated that the insurer was not liable under the policy for any physical or property damage caused by pollutants. The policies also defined the term pollutant to include vapor, smoke, and fumes. The complaint in the underlying personal injury action alleged damages as a result of smoke and noxious fumes and vapors seeping through the basement. The exclusion is unambiguous, and the underlying complaint falls within the exclusion (see, Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311). Sullivan, J. P., Balletta, Altman and Friedmann, JJ., concur.