■ AMERICAN HERITAGE REALTY PARTNERSHIP, Doing Business as DUTCH VILLAGE, et al., Appellants, v RICHARD V. LAVOY, Doing Business as R.V. LAVOY, GENERAL CONTRACTOR, Defendant, and CONTINENTAL INSURANCE COMPANY, Respondent. [618 NYS2d 125] —Peters, J. Appeal from an order of the Supreme Court (Hughes, J.), entered October 15, 1993 in Albany County, which, *inter alia,* granted defendant Continental Insurance Company's motion for summary judgment dismissing the complaint against it.

Plaintiffs, owner and manager of an apartment complex in Albany County, insured the premises with defendant Continental Insurance Company (hereinafter Continental) and American National Fire Insurance Company. Defendant Richard V. LaVoy, doing business as R.V. LaVoy, General Contractor (hereinafter LaVoy), was hired by plaintiffs to inspect heat loss from certain heating, hot and cold water pipes and condensation lines located in the basement of various buildings, and to recommend the most efficient method of reducing heat loss. LaVoy recommended removing and replacing the insulation, representing that said insulation did not contain asbestos. He was retained to perform the removal and replacement and, after removing approximately 95% of the insulation, plaintiffs learned that such insulation had, in fact, contained asbestos, which necessitated the hiring of an asbestos contamination contractor to remediate the contamination created. Plaintiffs thereafter notified Continental and made a claim under their policy for reimbursement in the amount of $460,195.86, the cost allegedly incurred in remediating the contamination. Continental denied the claim.

Plaintiffs commenced this action seeking reimbursement under the policy and Continental moved for summary judgment. Plaintiffs cross-moved for summary judgment and for leave to amend the ad damnum clause of their amended complaint. Supreme Court granted Continental's motion and denied plaintiffs' cross motion. Plaintiffs appeal.

Assuming, without deciding, that plaintiffs are correct in their contention that Supreme Court erred in concluding that

their claim was not covered under the terms of the policy because asbestos contamination does not constitute "direct physical loss or damage", we agree with Supreme Court that the pollution exclusion clause included in the subject contract vitiates coverage. As noted by the Court of Appeals in *Continental Cas. Co. v Rapid-American Corp.* (80 NY2d 640, 652), "[t]o negate coverage by virtue of an exclusion, an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case". The property damage portion in the policy, entitled "Business Owner's Extra", specifically limits payment for loss or damage caused by pollution. Pollution is thereafter defined as follows: "Release, discharge or dispersal of 'pollutants' unless the release, discharge or dispersal is itself caused by: fire; lightning; explosions; windstorm or hail; smoke; aircraft; vehicles; or objects thrown up by vehicles; riots or other civil unrest; vandalism or malicious mischief; leakage from fire extinguishing equipment; 'sinkhole collapse'; 'volcanic action'; falling objects except to personal property in the open; weight of snow, ice or sleet; water damage; elevator collision; sonic shock waves; collapse of a building". Pollutants are defined as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste".

While we find that such language clearly supports Supreme Court's conclusion, plaintiffs contend that reliance on *Continental Cas. Co. v Rapid-American Corp. (supra)* is misplaced. They note that the policy herein contains two definitions of pollutants, one in the section of the policy entitled "Causes of Loss Which Are Not Covered" and the other in the comprehensive general liability section of the policy, which specifically includes "carcinogenic and mutagenic materials", language used by the Court of Appeals in *Continental Cas. Co. v Rapid-American Corp. (supra)*. Plaintiffs therefore contend that the absence of such phrase in the section detailing losses which are not covered creates an ambiguity as to whether Continental intended to include asbestos, a "known" carcinogen, in the definition of pollutants which are excluded under the policy. We disagree and find asbestos to be a thermal irritant, clearly of the type encompassed by the exclusion clause at issue *(see, Continental Cas. Co. v Rapid-American Corp., supra; see also, Great N. Ins. Co. v Benjamin Franklin Fed. Sav. & Loan Assn.,* 793 F Supp 259, *affd* 953 F2d 1387; *Board of Regents v Royal Ins. Co.,* 503 NW2d 486 [Minn], *revd*

*in part on other grounds* 517 NW2d 888; *J & S Enters. v Continental Cas. Co.,* 825 P2d 1020 [Col], *cert denied* Mar. 10, 1992), and therefore affirm the order of Supreme Court.

It is notable that the pollution exclusion provision in this policy is not a "qualified pollution exclusion clause" which typically contains a "sudden and accidental" exception *(see generally,* Koegel, The "Absolute" Pollution Exclusion Clause, NYLJ, Mar. 14, 1991, at 1, col 1). Nor does the provision herein reflect an effort by insurance companies to exclude all pollution from coverage by an endorsement sometimes entitled an "absolute pollution exclusion" *(see, Generali-U.S. Branch v Caribe Realty Corp.,* 160 Misc 2d 1056, 1062, n; *Oates v State of New York,* 157 Misc 2d 618). The policy at issue here covered numerous causes of discharge, release or dispersal of pollutants, but not the cause for which plaintiffs seek recovery.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.