■ INCORPORATED VILLAGE OF CEDARHURST, Respondent, v HANOVER INSURANCE COMPANY, Appellant. [636 NYS2d 390] —In an action for a judgment declaring the rights of the parties under an insurance policy, the defendant appeals from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Winick, J.), entered June 17, 1994, as, *inter alia,* denied its motion to dismiss the complaint and granted the plaintiff's cross motion for summary judgment to declare that the defendant was obligated to defend and indemnify the plaintiff in an underlying action entitled *Yules & Kenney v Incorporated Vil. of Cedarhurst,* pending in the Supreme Court, Nassau County, and made the declaration.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action for a judgment declaring that the defendant Hanover Insurance Company was obligated to defend and indemnify it with respect to a negligence action after the defendant denied coverage based on the pollution exclusion clause in the insurance policy it issued to the plaintiff. The underlying action was commenced to recover damages for bodily injury and/or property damage as a result of an overflow of sewage from a sewage system owned and/or maintained by the plaintiff. The policy provision at issue, which excluded coverage for claims arising from the discharge or release of pollutants, defined pollutants as follows: "Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled and reconditioned or reclaimed".

We agree with the defendant that the court erred in holding that the subject pollution exclusion clause was intended to apply only to (1) actual or intentional polluters *(see, Powers Chemco v Federal Ins. Co.,* 74 NY2d 910); and (2) industrial or commercial enterprises that create pollution or waste *(see, Town of Harrison v National Union Fire Ins. Co.,* 219 AD2d 640). However, we agree with the trial court's finding that the injury or damages alleged in the underlying complaint did not result from a pollutant, and thus, the pollution exclusion clause contained in the policies in question were not applicable to this incident.

The term "raw sewage" is not explicitly listed in the policy as a pollutant, and the term "waste" contained in the exclusion is subject to more than one reasonable interpretation. Thus, since the exclusion is ambiguous as to whether raw sewage is encompassed within the definition of waste, the exclusion is not applicable in this case *(see, Karroll v Atomergic Chemetals Corp.,* 194 AD2d 715; *see also, Florida Farm Bur. Ins. Co. v Birge,* 659 So 2d 310 [Fla]; *Minerva Enters. v Bituminous Cas. Corp.,* 312 Ark 128, 851 SW2d 403). Bracken, J. P., Miller, Altman and Florio, JJ., concur. *[See,* 160 Misc 2d 795.]