■ CANNON CONSTRUCTION COMPANY, INC., Respondent, v LIBERTY MUTUAL INSURANCE COMPANY, Appellant. [642 NYS2d 88] —In an action for indemnification of the costs of an environmental pollution cleanup claim, the defendant appeals from an order of the Supreme Court, Nassau County (Roberto, J.), entered May 11, 1995, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The insured sought indemnification from its general liability insurer for cleanup costs it incurred after liquid asphalt, which

it had applied on certain roads in the Village of Thomaston, dispersed and discharged into the Manhasset Creek contaminating both property and wildlife. The insurer denied coverage for this claim based on the absolute pollution exclusion clause in its policies, after which the insured commenced the instant action. Upon the insurer's motion, the Supreme Court held, *inter alia,* that an issue of fact existed as to whether asphalt was a pollutant as defined by the policy exclusion.

Under the specific circumstances of this case, where the insured's oil-like asphalt sealant contaminated the waters and wildlife of the Manhasset Creek upon its discharge, the sealant constituted a pollutant within the definition of the terms in the policy (*see, State of New York v Capital Mut. Ins. Co.,* 213 AD2d 888; *Tri County Serv. Co. v Nationwide Mut. Ins. Co.,* 873 SW2d 719 [Tex]). Consequently, since the exclusion is unambiguous, and the underlying claim falls within the exclusion, it should have been applied to preclude coverage (*see, Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 311; *Demakos v Travelers Ins. Co.,* 205 AD2d 731).

The court erred in finding that a triable issue of fact existed as to whether the insurer authorized remediation efforts to take place, since defenses which relate to coverage or noncoverage are not waivable or subject to estoppel (*see, Powers Chemco v Federal Ins. Co.,* 122 AD2d 203, 204; *Reinhart v Terra Nova Ins. Co.,* 124 AD2d 795). Balletta, J. P., Sullivan, Santucci and Altman, JJ., concur.