■ SANDY WHITE et al., Plaintiffs, v MARTIN FREEDMAN et al, Sued Herein as J. FRIEDMAN, EXCEL PROMOTIONS CORP., t/a SOUTH BAY's NEWSPAPER, Sued Herein as SOUTH BAY NEWSPAPER, Defendants and Third-Party Plaintiffs-Respondents. GRAPHIC ARTS MUTUAL INSURANCE COMPANY, Third-Party Defendant-Appellant, et al., Third-Party Defendants. [643 NYS2d 160] —In an action to recover damages for personal injuries, etc., the third-party defendant Graphic Arts Mutual Insurance Company appeals from an order of the Supreme Court, Suffolk County (Newmark, J.), entered February 14, 1995, which, inter alia, granted the motion of the defendants third-party plaintiffs for summary judgment declaring that it had a duty to defend them in the main action, and denied its cross motion for summary judgment declaring that it had no duty to defend the defendants third-party plaintiffs in the main action.

Ordered that the order is reversed, on the law, with costs, the motion of the defendants third-party plaintiffs is denied, the cross motion of Graphic Arts Mutual Insurance Company, is granted, and it is declared that Graphic Arts Mutual Insurance Company has no duty to defend the defendants third-party plaintiffs in the main action.

After being sued by various employees of their tenants for physical injuries caused by exposure to fumes, vapors, gases, and environmental hazards in the workplace, the defendants third-party plaintiffs, the landlord of the premises, sought coverage under a liability insurance policy issued by Graphic Arts Mutual Insurance Company (hereinafter Graphic Arts). Graphic Arts disclaimed based on the pollution exclusion in its policy. As a result, the third-party action was commenced against, among others, Graphic Arts. The third-party complaint, *inter alia,* sought a declaration that Graphic Arts was obligated to provide a defense and indemnification in the main action.

The pollution exclusion clause at issue stated that the insurer was not liable under the policy for any bodily injury or property damage caused by pollutants. The policy also defined the term pollutants to include vapors and fumes. The complaint in the main action alleged bodily injury as a result of noxious fumes and various chemical gases seeping through the ventilation system on the insureds' premises. The exclusion is unambiguous, and the allegations in the complaint in the main action fall within the exclusion. Consequently, the exclusion should have been applied to preclude coverage and a declaration should have been made that Graphic Arts is not obligated to defend or indemnify the defendants third-party plaintiffs in the main action (*see, Demakos v Traveler's Ins. Co.,* 205 AD2d 731). Balletta, J. P., Sullivan, Santucci and Altman, JJ., concur.