■ STANLEY ZIANKOSKI et al., Appellants, v BOONVILLE OIL COMPANY, INC., Defendant, and NEW YORK CASUALTY INSURANCE COMPANY, Respondent. [661 NYS2d 322] —Judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Plaintiffs' property was damaged when an employee of defendant Boonville Oil Company, Inc., mistakenly filled an old underground oil tank on the property, resulting in an oil spill into plaintiffs' basement. Plaintiffs commenced this action seeking, *inter alia,* judgment declaring that defendant New York Casualty Insurance Company (New York Casualty) is obligated to provide coverage for the property damage and to indemnify them for any claims, damages and expenses they incurred in connection with the oil spill. New York Casualty moved for summary judgment dismissing the complaint on the ground that the policy either excludes or does not provide coverage.

Supreme Court properly concluded that New York Casualty met its burden of establishing that the language of the policy's pollution exclusion is clear and unambiguous and applies in this case (*see, Cannon Constr. Co. v Liberty Mut. Ins. Co.,* 227 AD2d 364; *see also, Space v Farm Family Mut. Ins. Co.,* 235 AD2d 797).

The court also properly rejected the contention of plaintiffs that New York Casualty had a duty to indemnify them for cleanup costs under the general liability portion of the policy because they may in the future be strictly liable for those costs pursuant to Navigation Law article 12. There is no pending claim or lawsuit against plaintiffs in connection with the oil spill. Therefore, the general liability provision of the policy has not been triggered, and plaintiffs have no cause of action against New York Casualty to indemnify them for those costs.

Finally, because the complaint seeks a declaratory judgment, the court should not have dismissed the complaint but should have declared the rights of the parties (*see, Cepeda v Varveris,* 234 AD2d 497; *Pless v Town of Royalton,* 185 AD2d 659, 660, *affd* 81 NY2d 1047). Thus, we modify the judgment by reinstat-

ing the complaint and granting judgment in favor of New York Casualty declaring that it has no duty to provide coverage to plaintiffs or to indemnify them. (Appeal from Judgment of Supreme Court, Oneida County, Tenney, J.—Declaratory Judgment.) Present—Denman, P. J., Green, Doerr, Balio and Fallon, JJ.