■ SCHENECTADY INTERNATIONAL, INC., Formerly Known as SCHENECTADY CHEMICALS, INC., Appellant, v EMPLOYERS INSURANCE OF WAUSAU et al., Respondents. [665 NYS2d 455] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Lynch, J.), entered February 3, 1997 in Schenectady County, which granted defendants' motion to dismiss the complaint on the ground of documentary evidence.

In this action for breach of contract and a declaratory judgment, plaintiff seeks indemnification, pursuant to commercial general liability policies issued by defendants, for costs and expenses incurred in connection with the investigation and remediation of environmental damage that occurred at commercial disposal sites operated by entities with which plaintiff had contracted for the disposal of its waste. Defendants moved for dismissal of the complaint, pursuant to CPLR 3211 (a), on the basis of a provision contained in the subject policies that expressly excludes coverage for, *inter alia*, damages caused by the discharge or release of pollutants "[a]t or from any site or location used * * * for the handling, storage, disposal, processing or treatment of waste". Supreme Court granted the motion, prompting this appeal.

Plaintiff contends that defendants' motion was jurisdictionally deficient because the motion papers did not identify the particular subdivision of CPLR 3211 (a) relied upon, and because the affidavit tendered in support of the motion contained no factual averments but merely served as the vehicle for submission of the complaint and its attachments. These arguments are unavailing. There is no need to cite the specific subdivision pursuant to which relief is sought when the motion papers apprise one of the actual grounds for the application. Here, defendants' notice of motion clearly indicated that dismissal was being sought on the basis of documentary evidence (namely, the "absolute pollution exclusion" contained in the insurance policies appended to plaintiff's complaint). Inasmuch

as the documents submitted were sufficient to permit a determination on this ground (*see, Gephardt v Morgan Guar. Trust Co.*, 191 AD2d 229, *lv denied* 82 NY2d 656; *Williams v Berkshire Life Ins. Co.*, 95 AD2d 886, 887) and, as plaintiff's responding papers demonstrate, it had ample opportunity to, and indeed did, raise and advance the substantive arguments it believed germane to the resolution of this aspect of the motion, Supreme Court did not err in ruling thereon (*see*, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:37, at 52-53).

Turning to the merits of that ruling, we find plaintiff's assertions of error unconvincing given the plain language of the subject insurance policies. The Court of Appeals, in *Town of Harrison v National Union Fire Ins. Co.* (89 NY2d 308), held that an absolute pollution exclusion, similar to that at issue here—which, by its terms, does not furnish coverage for costs and expenses occasioned by the release or dispersion of pollutants, regardless of the nature or cause of the discharge, or the culpability of the insured—must be applied as written (*id.*, at 316; *see, Technicon Elecs. Corp. v American Home Assur. Co.*, 74 NY2d 66, 76; *Powers Chemco v Federal Ins. Co.*, 74 NY2d 910, 911). Nothing in the exclusion itself or in the remainder of the policy language justifies concluding, as plaintiff would have it, that ambiguity exists with respect to whether coverage is provided for accidental discharges or when the insured is not the actual polluter. Had the insurer intended the exclusion to be as narrow as plaintiff urges, it could easily have included such exceptions (*see, Technicon Elecs. Corp. v American Home Assur. Co., supra*, at 74; *American Heritage Realty Partnership v LaVoy*, 209 AD2d 749, 751).

Equally unpersuasive is plaintiff's contention that public policy considerations require that the exclusion be interpreted so as to be inapplicable in the instant case. Plaintiff's reliance on the public policy concerns underlying a former Insurance Law provision, which essentially prohibited insurers from offering coverage for certain pollution-related costs (but not those resulting from "sudden and accidental" discharges), is misplaced, for the interests which prompted enactment of that statute—a desire "to assure that corporate polluters bear the full burden of their own actions spoiling the environment" (Governor's Mem approving L 1971, ch 765, 1971 NY Legis Ann, at 584) and, in furtherance thereof, to eliminate the availability of insurance coverage that might remove the financial disincentives to engaging in such actions—in no way militate against the use of the broader exclusion employed by defendants in the subject policies.

Plaintiff's remaining arguments have been considered and found wanting.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the order is affirmed, with costs.