(May 11, 1998)

■ A-ONE OIL, INC., Appellant, v MASSACHUSETTS BAY INSURANCE COMPANY et al., Respondents. [672 NYS2d 423] —In an action, *inter alia,* for a judgment declaring that the defendants are obligated to defend and indemnify the plaintiff in an underlying personal injury/property damage action entitled *Wolff v A-One Oil,* pending in the Supreme Court, Dutchess County, the plaintiff appeals from a judgment of the Supreme Court, Dutchess County (Hillery, J.), dated April 7, 1997, which, upon an order granting the defendants' motion for summary judgment, *inter alia,* declared that the defendants were not obligated to defend or indemnify it in the underlying action, and otherwise dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced this action seeking, *inter alia,* a declaration that the defendant insurers were obligated under a general policy of liability insurance to provide a defense and/or to indemnify it in connection with an underlying personal injury/property damage action against it. In that underlying action the complaint alleged, *inter alia,* that after its subcontractor removed a furnace, the plaintiff caused asbestos to be

released into the home of Nathan Wolff, that the asbestos became airborne, and that the Wolff family ingested and breathed in the asbestos, which became embedded in the linings of their lungs. The defendant insurers, however, denied coverage for the claims based upon the pollution exclusion clause of the policy.

We agree with the Supreme Court that the absolute pollution exclusion clause in the subject policy clearly and unambiguously applied to the underlying claims, since asbestos is a type of irritant or contaminant encompassed by the policy's definition of pollutant (*see, American Heritage Realty Partnership v LaVoy,* 209 AD2d 749), and the complaint alleged damages as a result of the release, dispersal, or discharge of pollutants either at or from a site at which the appellant was removing pollutants. The fact that asbestos was released in the basement of the Wolff residence does not bring the claim outside the scope of the exclusion, as indoor air contamination can constitute environmental pollution (*see, Demakos v Travelers Ins. Co.,* 205 AD2d 731; *American Heritage Realty Partnership v LaVoy, supra; see also, White v Freedman,* 227 AD2d 470; *Modell & Co. v General Ins. Co.,* 193 AD2d 412). Mangano, P. J., Rosenblatt, Joy and Krausman, JJ., concur.