■ NESTOR MORALES et al., Appellants, v ALLCITY INSURANCE COMPANY, Respondent, et al., Defendants. [713 NYS2d 227] —In an action to recover on an insurance policy, the plaintiffs appeal from so much of a judgment of the Supreme Court, Rockland County (Meehan, J.), dated June 15, 1999, as, upon, *inter alia*, granting the motion of the defendant Allcity Insurance Company for summary judgment dismissing the complaint insofar as asserted against it, is in favor of that defendant and against them.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiffs own a four-family residence in Garnerville, New York, and purchased a "special total owners protection policy" from the defendant Allcity Insurance Company (hereinafter Allcity). Sometime in 1994 vandals broke into the unoccupied residence and caused extensive damage, including damage to the plumbing and heating systems, which allegedly resulted in additional damage because pipes froze. Allcity denied that portion of the plaintiffs' claim which was for damage caused by the freezing and an alleged loss of business income, and the plaintiffs commenced this action against Allcity, among others.

It is well settled that whenever an ambiguity is found in the provisions of an insurance policy, any doubt as to the existence of coverage should be resolved in favor of the insured and against the insurance carrier (*see, Lavanant v General Acc. Ins. Co.*, 79 NY2d 623). However, where the provisions are clear and unambiguous, "the courts should not strain to superimpose an unnatural or unreasonable construction" (*Goldman & Sons v Hanover Ins. Co.*, 80 NY2d 986, 987), and should not "construe a clause in a way that drains it of its only intended meaning" (*Commissioners of State Ins. Fund v Insurance Co.*, 80 NY2d 992, 994). The courts should not find an ambiguity where none in fact exists (*see, Soundview Assocs. v New Hampshire Ins. Co.*, 215 AD2d 370; *Acorn Ponds v Hartford Ins. Co.*, 105 AD2d 723).

The policy of insurance here clearly and unambiguously excludes from coverage the loss caused by a "change in temperature * * * resulting from * * * vandalism or malicious mischief". This provision excludes coverage for damage by freezing caused to the plaintiffs' plumbing and heating systems (*see, Reinhart v Terra Nova Ins. Co.,* 124 AD2d 795). Nor can the plaintiffs recover for the loss of business income when, at the time of the loss, the building was under reconstruction and was not being used for business purposes.

The plaintiffs' remaining contentions are without merit. Friedmann, J. P., Krausman, Luciano and Schmidt, JJ., concur.