■ RHEEM MANUFACTURING COMPANY, Appellant, v HOME INDEMNITY COMPANY et al., Respondents. [723 NYS2d 354] —Order and judgment (one paper), Supreme Court, New York County (Herman Cahn, J.), entered January 13, 2000, which, to the extent appealed from as limited by the brief, granted defense cross motions for partial summary judgment, declared that defendant insurers have no obligation to defend or indemnify plaintiff in respect of the so-called Stringfellow site in Riverside, California, and dismissed the third cause of action in plaintiff's fourth amended complaint, unanimously affirmed, with costs.

The motion court properly reached a result consistent with *Borg-Warner Corp. v Insurance Co.* (174 AD2d 24, *lv denied* 80 NY2d 753), which involved essentially the same allegations as those against appellant in the underlying litigation. Appellant, in responding to defendant insurers' cross motions, demonstrating, prima facie, that the allegations of pollutant discharge in the underlying litigation fall within the pollution coverage exclusions in the subject policies, failed to meet its consequent burden "to demonstrate a reasonable interpretation of the

underlying complaint potentially bringing the claims within the sudden and accidental discharge exception to exclusion of pollution coverage, or to show that extrinsic evidence exists that the discharge was in fact sudden and accidental" (*see, Northville Indus. Corp. v National Union Fire Ins. Co.,* 89 NY2d 621, 634). Appellant cannot persuasively argue for an implicit restriction in the scope of the relied upon exclusion that the parties could well have included explicitly if they had chosen to do so (*see, Schenectady Intl. v Employers Ins.,* 245 AD2d 754, 755), nor can appellant prevail by denying that it intended all of the eventual consequences of an initial discharge of pollutants that was concededly intentional (*see, Technicon Elecs. Corp. v American Home Assur. Co.,* 74 NY2d 66, 75). The same interpretative principles govern all of the exclusion exceptions at issue and require the conclusion that they are uniformly inapplicable (*see, Olin Corp. v Insurance Co.,* 762 F Supp 548, 563, *affd* 966 F2d 718; *cf., Indiana Gas Co. v Aetna Cas. & Sur. Co.,* 951 F Supp 797, 803).

We have considered appellant's remaining arguments and find them unavailing. Concur—Nardelli, J. P., Mazzarelli, Andrias, Saxe and Friedman, JJ.