■ GOLD FIELDS AMERICAN CORPORATION et al., Appellants, v AETNA CASUALTY AND SURETY COMPANY et al., Defendants, and FEDERAL INSURANCE COMPANY, Respondent. [744 NYS2d 395] —Order and judgment (one paper), Supreme Court, New York County (Walter Schackman, J.), entered July 23, 1996, which, inter alia, granted a motion by defendants Federal Insurance Company et al., for summary judgment based on the absolute pollution exclusion in the subject policies, dismissed plaintiffs' complaint as against those insurers, and adjudged and declared that those insurers have no duty to defend, reimburse or indemnify plaintiffs under the subject policies, unanimously affirmed, with costs. Appeal from order and judgment (one paper), same court and Justice, entered July 23, 1996, which, inter alia, granted certain other insurers summary judgment based on pollution exclusion clauses in their subject policies despite a "sudden and accidental" exception to the relied upon exclusion, with related relief, unanimously dismissed, as moot, without costs. Order, same court and Justice, entered September 4, 1996, which, to the extent appealed from as limited by the brief and to the extent not moot, denied plaintiffs' motion for reconsideration of the earlier orders, unanimously affirmed, without costs.

The motion court correctly found that the absolute pollution exclusion clause relied upon by defendant insurers cannot be reasonably and fairly interpreted except to exclude the underlying claims arising from the discharge of mining waste from coverage (*see*, *Vigilant Ins. Co. v V.I. Tech.*, 253 AD2d 401, 402, *lv dismissed* 93 NY2d 999). Even if mining waste can be used as a commercial product, it is nonetheless covered by the absolute pollution exclusion clause, since indisputably hazardous substances were released into the open environment (*cf.*,

*Roofers' Joint Training, Apprentice & Educ. Comm. v General Acc. Ins. Co. of Am.*, 275 AD2d 90), making this a case "where the damages alleged are truly environmental in nature, [and] where the underlying complaint alleges damages resulting from what can accurately be described as the pollution of the environment" (*see, Belt Painting Corp. v TIG Ins. Co.*, 293 AD2d 206, 210-211). The hazardous substances are not rendered non-polluting by the fact that they are naturally occurring (*see, Space v Farm Family Mut. Ins. Co.*, 235 AD2d 797, 798), since, in this case, the hazardous material "is not found in its unaltered form because mining, an unnatural process, has altered its location" (*see, Monarch Greenback, LLC v Monticello Ins. Co.*, 118 F Supp 2d 1068, 1080).

All of plaintiffs' remaining arguments have been rendered moot by their settlement with all defendants except Federal Insurance Company. Concur—Andrias, J.P., Buckley, Rosenberger, Wallach and Gonzalez, JJ.