CITY OF KINGSTON, Respondent, v HARCO NATIONAL INSURANCE COMPANY, Appellant, and JACKI BLANC et al., Respondents. [848 NYS2d 455]—

Crew III, J. Appeal from an order of the Supreme Court (Work, J.), entered September 26, 2006 in Ulster County, which, among other things, denied the motion of defendant Harco National Insurance Company for summary judgment declaring that it had no duty to defend or indemnify plaintiff in certain actions commenced against it.

In January 2004, a sewer main ruptured in the City of Kingston, Ulster County, discharging a flood of water and sewage into multiple homes and forcing evacuations. The affected residents (hereinafter collectively referred to as defendants) filed notices of claim and, ultimately, suit against plaintiff seek-

ing recovery for, among other things, property damage, personal injury and emotional distress. Plaintiff, in turn, demanded that defendant Harco National Insurance Company defend and indemnify pursuant to the terms of the underlying commercial lines policy in effect at the time. By letter dated April 28, 2004, Harco disclaimed coverage upon the basis of the total pollution exclusion contained within the policy, which denied coverage for bodily injury, personal injury or property damage that "would not have occurred in whole or in part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants at any time." Pursuant to the terms of the policy, the term "pollutants" was defined as "any solid, liquid, gaseous, or thermal irritant or contaminant including but not limited to, smoke, vapor, soot, fumes, acid, alkalis, chemicals and waste," the latter of which included materials to be "recycled, reconditioned or reclaimed."

Plaintiff thereafter commenced this declaratory judgment action seeking, among other things, a declaration that Harco was required to defend and indemnify it for any resulting liability to defendants. Following joinder of issue and discovery, Harco moved for summary judgment and plaintiff cross-moved for similar relief. Supreme Court denied Harco's motion in its entirety and partially granted plaintiff's motion, declaring that Harco was required to provide plaintiff with a defense in the underlying actions. This appeal by Harco ensued.

We affirm. Preliminarily, we reject Harco's assertion that the fungi or bacterial exclusion contained in the policy provides an alternate basis for denying coverage. The case law makes abundantly clear that "an insurer's disclaimer is strictly limited to those grounds stated in the notice of disclaimer, which disclaimer must clearly apprise the insured of the grounds on which the disclaimer is based" (*Maroney v New York Cent. Mut. Fire Ins. Co.*, 10 AD3d 778, 780-781 [2004], *affd* 5 NY3d 467 [2005] [internal quotation marks and citation omitted]; *see Kokonis v Hanover Ins. Co.*, 279 AD2d 868, 870 [2001]). Having failed to invoke the fungi or bacterial exclusion in the April 2004 disclaimer letter, Harco cannot now be heard to complain.

Turning to the issue of Harco's duty to defend, it is well settled that "an insurer's duty to defend its insured arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy" (*Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 65 [1991]). Stated another way, "[i]f any of the claims against [an] insured arguably arise from covered events, the insurer is required to defend the entire action" (*Town of Massena v*

*Healthcare Underwriters Mut. Ins. Co.*, 98 NY2d 435, 443 [2002] [internal quotation marks and citation omitted]). Where, as here, the insurer seeks "[t]o be relieved of its duty to defend on the basis of a policy exclusion, [it] bears the heavy burden of demonstrating that the allegations of the complaint cast the pleadings wholly within that exclusion, that the exclusion is subject to no other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision" (*Frontier Insulation Contrs. v Merchants Mut. Ins. Co.*, 91 NY2d 169, 175 [1997]).

Assuming, without deciding, that raw sewage unambiguously constitutes a "contaminant" and, hence, falls within the scope of the policy exclusion invoked here, Harco nonetheless failed to demonstrate that the underlying complaints cast those pleadings wholly within that exclusion and, further, that there is no possible factual or legal basis upon which it ultimately could be obligated to indemnify plaintiff. A review of the relevant complaints, as well as the examination before trial testimony of certain defendants (*see Durant v North Country Adirondack Coop. Ins. Co.*, 24 AD3d 1165, 1166 [2005] ["extrinsic evidence may be used to expand the insurer's duty to defend"]), makes clear that at least some of the damages incurred by defendants arguably is attributable to the force of the rushing of water, variously described as a "flood" or "river" flowing like "Niagara Falls," that passed through and over defendants' respective properties. Contrary to Harco's assertion, it cannot be said that the erosion and structural damage alleged in the form of shifted foundations and cracked interior walls would not have occurred "but for" the presence of raw sewage. Accordingly, we agree with Supreme Court that Harco plainly has a duty to defend plaintiff in the underlying actions and, further, that the issue of its duty to indemnify must await the proof at trial.

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.