16-2511-cv
Cincinnati Ins. Co. v. Roy's Plumbing

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 31st day of May, two thousand seventeen.

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             PETER W. HALL,
                          *Circuit Judges.*
_____

THE CINCINNATI INSURANCE COMPANY,

             *Plaintiff-Counter-Defendant-Appellee*,

             -v.-                                              16-2511-cv

ROY'S PLUMBING, INC.,

             *Defendant-Counter-Claimant-Appellant*.[1]
_____

Appearing for Appellant:      Robert E. Knoer, Buffalo, NY.

Appearing for Appellee:       Daniel G. Litchfield (Vincent J. Velardo, *on the brief*), Litchfield
                              Cavo, LLP, New York, NY.

Appeal from the United States District Court for the Western District of New York (Skretny, *J.*).

---

[1] The Clerk of Court is respectfully directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Counter-Claimant-Appellant Roy's Plumbing, Inc. appeals a June 10, 2016 order granting Cincinnati Insurance Company's motion for summary judgment, and the judgment order of June 13, 2016, both entered by the United States District Court for the Western District of New York (Skretny, *J.*). The district court ruled that the Cincinnati Insurance Company (the "insurer") had no duty to defend or indemnify Roy's Plumbing in underlying state court litigation related to chemical contamination at Love Canal near Niagara Falls, New York. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"In New York, an insurer's duty to defend is 'exceedingly broad' and distinct from the duty to indemnify." *Euchner-USA, Inc. v. Hartford Cas. Ins. Co.*, 754 F.3d 136, 140-41 (2d Cir. 2014) (quoting *Auto. Ins. Co. of Hartford v. Cook*, 7 N.Y.3d 131, 137 (2006)). "The duty to defend insureds . . . is derived from the allegations of the complaint and the terms of the policy." *Technicon Elecs. Corp. v. Am. Home Assurance Co.*, 74 N.Y.2d 66, 73 (1989). "Where, as here, the insurer seeks to be relieved of its duty to defend on the basis of a policy exclusion, it bears the heavy burden of demonstrating that the allegations of the complaint cast the pleadings wholly within that exclusion, that the exclusion is subject to no other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision." *City of Kingston v. Harco Nat'l Ins. Co.*, 848 N.Y.S.2d 455, 457 (3d Dep't 2007) (internal quotation marks and brackets omitted).

"The narrower duty to indemnify arises only if the claim for which the insured has been judged liable lies within the policy's coverage." *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 115 (2d Cir. 2005) (citing *Frontier Insulation Contractors, Inc. v. Merchs. Mut. Ins. Co.*, 91 N.Y.2d 169, 178 (1997)). "Thus, while the duty to defend is measured against the possibility of a recovery, the duty to pay is determined by the actual basis for the insured's liability to a third person." *Id.* (internal quotation marks omitted). This question may be amenable to summary judgment where no genuine question exists as to whether the policy covers the insured's actions. *See Servidone Constr. Corp. v. Sec. Ins. Co. of Hartford*, 64 N.Y.2d 419, 425 (1985).

The insurer has met its burden of showing that the allegations in the underlying state action fall within the insurance policy's pollution exclusion. The parties agree that the policy excludes "[b]odily injury or property damage which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release, escape or emission of pollutants at any time." App'x at 180 (internal quotation marks omitted). And the policy language gives "pollutant" a broad definition, covering both "substances which are generally recognized in industry or government to be harmful or toxic to persons, property or the environment" and "any solid [or] liquid . . . irritant or contaminant, including . . . waste." App'x at 144. Here, the state-court suit claims damages related to personal injuries, as well as damages from contamination of property, caused by toxic chemicals. Although the parties dispute whether the complained-of chemicals include sewage, and Roy's Plumbing contends that sewage may not

constitute a "pollutant," we have no doubt that sewage is "generally recognized in industry or government to be harmful or toxic to persons." App'x at 144.

Roy's Plumbing contends also that the state-court complaint speaks of "pressure," and it may thereby be seeking damages from harm caused by the force of liquids permitted to build within the sewer rather than by chemical toxicity. Read in context, however, the relevant passage of the state-court complaint clarifies that pressure was merely the mechanism allowing chemicals to escape from the sewer. App'x at 345. It is not alleged as an independent cause of damage.

Roy's Plumbing suggests that the pollution exclusion is overbroad, and therefore creates ambiguity, because if read literally it would deny coverage for most damages due to plumbing work and thereby create tension with those parts of the policy clearly covering such work. New York courts, however, limit the reach of pollution exclusions to "those cases where the damages alleged are truly environmental in nature, or where the underlying complaint alleges damages resulting from what can accurately be described as the pollution of the environment." *Belt Painting Corp. v. TIG Ins. Co.*, 742 N.Y.S.2d 332, 336 (2d Dep't 2002), *aff'd*, 100 N.Y.2d 377 (2003). This construction eliminates the overbreadth that Roy's Plumbing fears.

Because the allegations in the state-court complaint fall within the pollution exclusion, the insurer has no duty to defend Roy's Plumbing against those allegations, or to indemnify Roy's Plumbing for damages caused by the particular acts alleged in the complaint.

We have considered all additional arguments made by Roy's Plumbing and determine them to be without merit. The district court's order and judgment are therefore **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3