■ M. Carl Levine et al., Appellants, v Lumbermen's Mutual Casualty Co., Respondent.—Order of the Supreme Court, New York County (Andrew R. Tyler, J.), entered on or about October 21, 1987, which denied plaintiffs' motion for partial summary judgment on the first and second causes of action and granted defendant's cross motion for summary judgment dismissing the complaint, is unanimously modified on the law to the extent of granting plaintiffs' motion for partial summary judgment on the second cause of action and denying defendant's cross motion to dismiss the second cause of action and otherwise affirmed, with costs and disbursements to plaintiff. The parties are directed to settle an order reflecting this court's decision.

In 1960, plaintiff-appellant law firm commenced an action, entitled *Abrams v Newton Indus. Center,* on behalf of plaintiffs therein to recover damages for the alleged breach of a contract to construct a printing plant. A note of issue and statement of readiness was served and filed in April of 1964, but the following month the court granted defendants' motion to vacate the note of issue and statement of readiness on the ground that pretrial examinations had not yet been completed. Thereafter, certain examinations before trial were conducted, and preparation of the case purportedly continued until at least August of 1967. However, no further prosecution of the matter occurred following that date, and in 1971, the law firm learned that the action had been automatically dismissed on June 3, 1965 pursuant to CPLR 3404 which provides that a case "marked 'off' or struck from the calendar or unanswered on a clerk's calendar call, and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute." The firm then contacted defendants' counsel in order to obtain the latter's consent to restore the matter to the calendar. Failing to procure defendants' agreement, plaintiff law firm waited more than one year before moving to vacate the dismissal. Thus, in 1972, eight years after the action had been stricken from the calendar and seven years after its dismissal, plaintiff first sought in court to reactivate the case. The motion to vacate the dismissal was denied, and an unsuccessful appeal to this court ensued.

The aggrieved clients of plaintiff law firm commenced a malpractice action in 1973, which was ultimately settled for $300,000. The amount of the settlement was paid in equal shares by the law firm and two of its insurance carriers, plaintiffs St. Paul Fire and Marine Insurance Company and American Home Assurance Company. Although defendant Lumbermen's Mutual Casualty Company conceded on the record that the settlement was a reasonable one, it refused to indemnify plaintiff law firm notwithstanding that it had issued to the firm a policy of insurance containing a $250,000 limitation, effective from July 19, 1968 through January 15, 1970. Accordingly, the law firm and the two insurance companies involved in the settlement of the underlying malpractice action instituted the instant suit seeking a declaration that defendant Lumbermen's Mutual Casualty Company was the primary insurer and, therefore, required to pay its policy limit of $250,000 or, in the alternative, that defendant be compelled to bear a pro rata share of the settlement, plus the same

proportion of attorneys' fees expended in defense of the malpractice action. In addition, plaintiffs demanded $1,250,000 in punitive damages.

Defendant has declined coverage on the ground that the acts of malpractice were not committed and did not take place during the policy period, contending that at the time that the Lumbermen's policy began, the underlying case had been marked off calendar for over four years and dismissed for more than three years and that, in any event, no claim was made during the policy period. In denying plaintiffs' motion for partial summary judgment and granting defendant's cross motion for summary judgment dismissing the complaint, the Supreme Court accepted defendant's position. We disagree and believe that plaintiffs' motion for partial summary judgment should have been granted as to the second cause of action which urges that defendant is responsible for its pro rata share of the $300,000 settlement. In that regard, it is evident that the malpractice in question consisted of a continuous error and omission of the law firm to prosecute the underlying action from 1966, when the matter was dismissed, or 1967, when the last pretrial examinations were made, through 1971, when the dismissal was discovered, or even 1972, when the firm moved to vacate the dismissal.

As this court has previously noted, "CPLR 3404 merely creates a presumption that an action marked off calendar and not restored for a period of one year has been abandoned" (*Stavrou v Abravos-Vernadakis,* 109 AD2d 676, 677; *see also, Galante v Solon Holding Corp.,* 46 AD2d 636). An attorney whose case suffers a dismissal pursuant to CPLR 3404 is certainly not relieved of his professional responsibility to his client, either for attempting to have the action restored or otherwise. While plaintiff law firm failed to persuade the court to grant its motion to vacate the dismissal, that does not mean that its lack of activity in prosecuting the case between 1967 and 1972 indicates that no further malpractice occurred after 1966, when the action was dismissed. Quite the contrary, the major portion of plaintiff law firm's malpractice was committed precisely during the period of time when, as a result of its omission, it neglected to protect the interests of its clients. Defendant's policy was in effect from July 19, 1968 through January 15, 1970, and this was clearly part of the time when the law firm was guilty of malpractice by ignoring the underlying action. Moreover, nothing in the language of the Lumbermen's policy mandates that any act, error or omission by the insured be reduced to a single or fixed occurrence or that

it take place in its entirety during the effective date of the policy *(see, National Cas. Ins. Co. v City of Mount Vernon,* 128 AD2d 332). In order to effectuate coverage, it was sufficient by the terms of the policy that at least some of the malpractice be committed in the operative time period. Indeed, defendant apparently implicitly recognizes the continuous nature of the malpractice by observing that the law firm was negligent in failing to move promptly in 1971 to vacate the dismissal of the underlying action. Finally, while the policy terminated in 1970, the Statute of Limitations was tolled by virtue of the application of the continuous representation rule *(Glamm v Allen,* 57 NY2d 87), and the claim was, consequently, timely made. Since it is impossible to determine if defendant was the primary carrier, plaintiffs are entitled to a declaration that Lumbermen's is obliged to pay its pro rata share of the settlement and counsel fees.

Settle order. Concur—Kupferman, J. P., Carro, Milonas, Rosenberger and Smith, JJ.