■ NORTH RIVER INSURANCE COMPANY, Appellant, v ECA WAREHOUSE CORPORATION, Respondent.—Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about December 8, 1991, which denied plaintiff's motion for summary judgment declaring that it is not required to defend

or indemnify defendant in an action pending in Supreme Court, Nassau County entitled *Enterprise Metal Corp. v ECA Warehouse Corp.,* unanimously modified, on the law, to grant summary judgment to defendant declaring that plaintiff has a duty to defend and to dismiss as premature that portion of the complaint seeking a declaration of plaintiff's duty to indemnify, and otherwise affirmed, with costs.

At issue in this action for a declaratory judgment is plaintiff insurer's duty pursuant to a warehouseman's liability insurance policy to defend defendant insured in a Nassau County action for breach of a contract of bailment and conversion. It is well established that an insurer's duty to defend arises where the allegations of the complaint against the insured fall within the scope of the risks undertaken by the insurer. *(International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 325.) Only if the complaint, on its face, excludes every possible basis on which an insurer might be held to be obligated to indemnify the insured can the insurer be relieved of the obligation to defend. *(Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419, 423-424.) As there is no question that the claims pleaded in the complaint in the underlying action herein are, on their face, covered under the policy at issue, plaintiff's duty to defend arose, as a matter of law. It is irrelevant on the issue of the obligation to defend that questions of fact may exist as to whether the loss will ultimately be found to fall within a clause of the policy excluding certain types of loss, such as "mysterious disappearances," from coverage.

In light of the foregoing, and notwithstanding its failure to cross-move for such relief (CPLR 3212 [b]), summary judgment should be granted to defendant by way of a declaratory judgment in its favor *(see, Arrow Louver & Damper Corp. v Newsday, Inc.,* 86 AD2d 513) declaring plaintiff's duty to defend it in the underlying action.

Since resolution of the second issue upon which plaintiff seeks declaratory relief, i.e., whether it is required to indemnify defendant, depends upon resolution of the underlying action, that portion of the complaint which seeks such relief must be dismissed as premature. *(Prashker v United States Guar. Co.,* 1 NY2d 584.) Concur—Carro, J. P., Ellerin, Kupferman, Smith and Rubin, JJ.