■ DAVID KARROLL, Respondent, v ATOMERGIC CHEMETALS CORP. et al., Defendants and Third-Party Plaintiffs-Respondents. FEDERAL INSURANCE COMPANY, Third-Party Defendant-Appellant. [600 NYS2d 101] —In a third-party action for a declaratory judgment in which the third-party plaintiffs allege, inter alia, that the third-party defendant, Federal Insurance Company, is required to provide them with a defense in the underlying first-party action, Federal Insurance Company appeals from (1) an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated April 3, 1991, which denied its motion for summary judgment, and (2) an order of the same court, entered June 24, 1991, which granted partial summary judgment to the third-party plaintiffs against it, declaring that it had a duty to defend them.

Ordered that the orders are affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff, while working as a bulldozer operator, was accidentally sprayed with sulfuric acid. The appellant's contention that the pollution-exclusion clause in its insurance policy applies to the underlying accident is without merit. As the insurer, the appellant must demonstrate that the exclusion applies in this particular case and that it is subject to no other reasonable interpretation (see, Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311). Because the exclusion clause may be reasonably interpreted to apply only to instances of environmental pollution, we find that the court did not err in holding that the exclusion did not apply in this case. The appellant's contention that the court's interpretation of the exclusion defeated the intent and language of the contract is without merit (see, Continental Cas. Co. v Rapid-Am. Corp., 80 NY2d 640). Rosenblatt, J. P., Copertino, Santucci and Joy, JJ., concur.