■ UNITED STATES LIABILITY INSURANCE COMPANY, Appellant, v VICTOR FARLEY et al., Respondents. [626 NYS2d 238] —In an action for a judgment declaring that the plaintiff had no duty to defend or indemnify the defendant Victor Farley under a liability insurance policy issued by it, the appeal is from an order of the Supreme Court, Kings County (Dowd, J.), dated June 11, 1993, which denied the plaintiff's motion for summary judgment.

Ordered that the order is modified, on the law, by adding a provision thereto, that upon searching the record, partial summary judgment is granted to the defendant Victor Farley, and it is declared that the plaintiff has a duty to defend Victor Farley in the underlying action entitled *Garland v Farley,* pending in the Supreme Court, Kings County; as so modified, the order is affirmed, with costs to the respondents Donetta and Brandon Garland.

The plaintiff United States Liability Insurance Company

(hereinafter USLIC) issued a policy to the defendant Victor Farley, which, *inter alia,* covered claims for bodily injuries occurring during the policy period of July 21, 1988, to July 21, 1989, which were caused by an occurrence and arising out of Farley's ownership, maintenance, and use of the insured premises, an apartment building. Specifically, the insurance policy defined "bodily injury" as "bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom", and it defined "occurrence" as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury". The policy also provided that USLIC had the "right and duty to defend any suit against [Farley] seeking damages on account of [bodily injury] * * * even if any of the allegations of the suit are groundless, false or fraudulent".

The defendants Donetta and Brandon Garland were children who resided in Farley's apartment building. In 1989 an action was commenced on behalf of Donetta and Brandon seeking to recover damages for lead poisoning injuries they sustained commencing with their respective births in 1981 and 1986, to date. USLIC then commenced the instant action seeking, *inter alia,* a declaration that it was not required to defend or indemnify Farley in the Garland's underlying tort action, because their injuries occurred prior to the inception of the policy at issue, and thereafter moved for summary judgment for such a declaration. In support of its motion for summary judgment USLIC submitted the medical records of the Garland children, which indicated that they were diagnosed as suffering from lead poisoning in July 1988, before the inception of the USLIC policy. The Supreme Court denied the motion for summary judgment, and this appeal followed.

USLIC failed to prove that it had no duty to defend Farley in the underlying action, as the allegations in the complaint alleged that some of the Garland children's injuries occurred during the policy period *(see, Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304). Under the language of the policy, the Garland children's "sickness" during the policy period due to their "continuous or repeated exposure" to lead-based paint, is covered under the policy. While USLIC presented proof that the Garland children suffered injuries from lead poisoning prior to the inception of the policy, it failed to present proof that the Garland children did not suffer additional bodily injuries during the policy period. Therefore, USLIC failed to prove that there is no possible factual basis on which it might be required to indemnify the insured pursuant to the policy

*(see, County of Columbia v Continental Ins. Co.,* 83 NY2d 618; *Villa Charlotte Bronte v Commercial Union Ins. Co.,* 64 NY2d 846; *Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419).

Furthermore, we reject USLIC's argument that the Garland children suffered only one bodily injury, or "injury-in-fact", as a result of lead poisoning, which injury occurred prior to July 21, 1988. The Garland children presented evidence that injuries suffered as a result of exposure to lead increase upon continued exposure to lead. Therefore, it could be found that the Garland children suffered subsequent "bodily injury" during the policy period *(see, Continental Cas. Co. v Rapid-American Corp.,* 80 NY2d 640; *National Cas. Ins. Co. v City of Mount Vernon,* 128 AD2d 332). Whether the Garland children can prove that they suffered additional bodily injuries during the policy period, thereby entitling Farley to indemnification from USLIC for these additional injuries, will be determined in the underlying action. However, USLIC's duty to defend is broader than its duty to indemnify, as it must defend Farley where the allegations of the underlying complaint allege that the bodily injuries of the Gardland children were incurred during the policy period, even if those allegations are groundless, false, or fraudulent *(see, Seaboard Sur. Co. v Gillette Co., supra).* Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.