■ GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA et al., Appellants, v IDBAR REALTY CORP. et al., Respondents. [646 NYS2d 138] —In an action for a judgment declaring that the plaintiffs have no duty to either defend or indemnify the defendants IDBAR Realty Corp., HCS Realty of New York Corp., or MRM 2000, Inc., under certain policies of liability insurance in an action entitled *Cantres v Brook Mgt. Corp.,* pending in the Supreme Court, Bronx County, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Oshrin, J.), dated December 28, 1994, which denied the plaintiffs' motion for summary judgment and declared that the plaintiffs had a duty to defend and indemnify the defendants IDBAR Realty Corp., HCS Realty of New York Corp., and MRM 2000, Inc., in the underlying action.

Ordered that the order and judgment is modified, on the law, by deleting the provisions thereof which denied the branch of the plaintiffs' motion which was for summary judgment on the issue of indemnification and which declared that the plaintiffs had a duty to indemnify the defendants IDBAR Realty Corp., HCS Realty of New York Corp., and MRM 2000, Inc., and substituting therefor a provision denying that branch of the motion as premature; as so modified, the order and judgment is affirmed, without costs or disbursements.

In the underlying negligence action, Caridad Cantres, a defendant herein, alleged that she suffered injuries from ingesting lead based paint in an apartment that she rented from the defendants-landlords, IDBAR Realty Company (hereinafter IDBAR), HCS Realty of New York (hereinafter HCS), and MRM 2000, Inc. (hereinafter MRM), who successively owned the building in which the apartment was located. The injury is alleged to have occurred over the period from her birth in April of 1982 until the date of the complaint in April of 1991. The plaintiffs herein, General Accident Insurance Company of America and GA Insurance Company of New York (hereinaf-

ter collectively General Accident), provided insurance for the subject premises from April 28, 1987, until April 10, 1991. In the action at bar, General Accident sought a declaration that it was not obligated to defend or indemnify the defendants-landlords in the underlying negligence action. General Accident argued, *inter alia,* that the injury to Caridad Cantres occurred no later than 1986, which is prior to the effective date of the first of the policies it issued on the subject premises, and that, in any event, coverage was vitiated by a pollution exclusion in the policies.

It is well settled that the duty to defend is broader than the duty to indemnify (*see, Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304). "The duty to defend arises whenever the allegations in [the] complaint against the insured fall within the scope of risks undertaken by the insurer, regardless of how false or groundless those allegations might be" (*Seaboard Sur. Co. v Gillette Co., supra,* at 310), or even if "facts outside the four corners of those pleadings indicate that the claim may be meritless or not covered" (*Fitzpatrick v American Honda Motor Co.,* 78 NY2d 61, 63). The insurer will be relieved of the duty to defend only when it can prove, as a matter of law, that the injury claimed is not covered or falls entirely within a policy exclusion (*see, Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419, 425; 70 NY Jur 2d, Insurance, § 1673). Here, the allegations of the complaint in the underlying negligence action fall within the scope of risks covered by the subject policies (*see, United States Liab. Ins. Co. v Farley,* 215 AD2d 371). Further, General Accident has failed to meet its burden of proof that, as a matter of law, coverage is vitiated by either the pollution exclusion in the policies, which has been construed to be limited to environmental and industrial pollution (*see, Continental Cas. Co. v Rapid-American Corp.,* 80 NY2d 640; *Schumann v State of New York,* 160 Misc 2d 802; *Generali-U.S. Branch v Caribe Realty Corp.,* 160 Misc 2d 1056; *cf., Karroll v Atomergic Chemetals Corp.,* 194 AD2d 715; *Stoney Run Co. v Prudential LMI Commercial Ins. Co.,* 47 F3d 34; *Atlanta Mut. Ins. Co. v McFadden,* 413 Mass 90, 595 NE2d 762) or by the fact that a portion of the alleged injury may have occurred prior to the effective dates of the policies issued by General Accident (*see, United States Liab. Ins. Co. v Farley,* 215 AD2d 371, *supra*). Accordingly, the Supreme Court properly declared that General Accident had the duty to defend the defendants-landlords. However, because it cannot be determined on the record before this Court whether any injury occurred during the effective dates of the subject insurance policies, the declaration that General Accident had a duty to

indemnify the defendants-landlords was premature (*see, North Riv. Ins. Co. v ECA Warehouse Corp.,* 172 AD2d 225; *see also, United States Liab. Ins. Co. v Farley,* 215 AD2d 371, *supra*).

We have considered General Accident's remaining contentions and find them to be without merit. Ritter, J. P., Pizzuto, Santucci and Krausman, JJ., concur.