■ GA INSURANCE COMPANY OF NEW YORK et al., Appellants-Respondents, v NAIMBERG REALTY ASSOCIATES et al., Respondents-Appellants, et al., Defendants. [650 NYS2d 246] —In an action for a judgment declaring that the plaintiffs are not obligated to defend or indemnify the defendants Naimberg Realty Associates, Sali Nezaj, Honife Nezaj, and Naimberg Realty Corporation, in an action entitled *Rodriguez v Drag Realty Corp.,* pending in the Supreme Court, Bronx County, the plaintiffs appeal, as limited by their brief and subsequent correspondence dated September 30, 1996, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Berler, J.), dated August 2, 1995, as denied that branch of their motion which was for summary judgment declaring that they were not obligated to indemnify Naimberg Realty Associates, Sali Nezaj, Honife Nezaj, and Naimberg Realty Corporation in the underlying action, and granted that branch of the cross motion of the defendants Naimberg Realty Associates, Sali Nezaj, Honife Nezaj, and Naimberg Realty Corporation, which was for summary judgment declaring that the

plaintiffs were obligated to indemnify them in the underlying action, and made the declaration. Naimberg Realty Associates, Sali Nezaj, Honife Nezaj, and Naimberg Realty Corporation cross appeal from so much of the same order as failed to grant that branch of their cross motion which was for attorney's fees and costs incurred in the defense of this action.

Ordered that the order and judgment is modified, on the law, by (1) deleting the provision thereof which granted that branch of the respondents-appellants' cross motion which was for summary judgment declaring that the plaintiffs are obligated to indemnify them in the underlying action and substituting therefor a provision denying that branch of the cross motion, (2) deleting therefrom the declaration that the plaintiffs are obligated to indemnify the respondents-appellants in the underlying action, and (3) adding a provision thereto granting that branch of the respondents-appellants' cross motion which was for costs and attorney's fees; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine the amount of costs and attorney's fees.

In the underlying negligence action, Grace Ann Rodriguez, a defendant herein, alleged that she suffered injuries from ingesting lead paint in an apartment she rented, from, *inter alia,* the defendants Naimberg Realty Associates, a co-partnership, Sali Nezaj, Honife Nezaj, co-partners, and Naimberg Realty Corporation (hereinafter collectively Naimberg). The injury is alleged to have occurred over a 12-year period commencing with her birth in October of 1980 until the date of the complaint in January of 1992. The plaintiffs herein, General Accident Insurance Company of America and GA Insurance Company of New York (hereinafter collectively General Accident), provided insurance for the subject premises from October 4, 1985, until at least January 3, 1992. In the action at bar, General Accident sought a declaration that it was not obligated to defend and/or indemnify Naimberg in the underlying negligence action. General Accident argued, *inter alia,* that the injury to Grace Ann Rodriguez occurred no later than 1984, which is prior to the effective date of the first of the policies it issued on the subject premises, and that, in any event, coverage was vitiated by pollution exclusions in the policies.

General Accident has failed to meet its burden of proof that, as a matter of law, coverage is vitiated by the pollution exclusions in the policies, which have been construed to be limited to environmental and industrial pollution (*see, Continental*

*Cas. Co. v Rapid-American Corp.,* 80 NY2d 640, 654; *Schumann v State of New York,* 160 Misc 2d 802; *Generali-U.S. Branch v Caribe Realty Corp.,* 160 Misc 2d 1056; *cf., Karroll v Atomergic Chemetals Corp.,* 194 AD2d 715; *Stoney Run Co. v Prudential-LMI Commercial Ins. Co.,* 47 F3d 34). Accordingly, the Supreme Court properly declared that General Accident had the duty to defend Naimberg. However, because it cannot be determined on the record before this Court whether any injury occurred during the effective dates of the subject insurance policies, the declaration that General Accident had a duty to indemnify Naimberg was premature (*see, General Acc. Ins. Co. v IDBAR Realty Corp.,* 229 AD2d 515).

Due to the fact that Naimberg was cast in a defensive position as the result of General Accident's attempt to free itself from the obligations of its policy, Naimberg is entitled to an award of reasonable costs and attorney's fees incurred in defending this declaratory judgment action (*see, Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21; *U.S. Underwriters Ins. Co. v Mesiftah Eitz Chaim of Bobov,* 210 AD2d 218). Thus, the matter is remitted to the Supreme Court, Suffolk County for a hearing to determine the amount of costs and attorney's fees. Santucci, J. P., Joy, Friedmann and Krausman, JJ., concur.