■ JONATHAN CEPEDA et al., Respondents, v ALEXANDER J. VARVERIS, Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. LIBERTY MUTUAL INSURANCE GROUP, Third-Party Defendant-Appellant. [651 NYS2d 185] —In an action to recover damages for personal injuries, etc., the third-party defendant, Liberty Mutual Insurance Group, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated November 13, 1995, as granted that branch of the cross motion of the defendant third-party plaintiff, Alexander J. Varveris, which was for a declaration that the third-party defendant is obligated to defend him in the main action.

Ordered that the order is modified, by adding thereto a provision declaring that Liberty Mutual has a duty to defend the defendant third-party plaintiff in the main action; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

In the main negligence action, the plaintiffs alleged that Jonathan Cepeda suffered injuries from ingesting lead-based paint in an apartment that his family rented from the defendant-landlord Alexander J. Varveris. The injury is alleged to have occurred over a period commencing when the injured plaintiff moved into the apartment in July of 1989 until the date of the complaint in July of 1993. The appellant herein, Liberty Mutual Insurance Group (hereinafter Liberty Mutual), provided insurance for the subject premises from August 26, 1990, to October 31, 1991. Varveris commenced a third-party action seeking, *inter alia*, a declaration that Liberty Mutual is obligated to defend and/or indemnify him in the main action. Liberty Mutual, however, argued that the injury to Jonathan occurred after the policy it had issued to

Varveris expired, and that, in any event, coverage was vitiated by a pollution exclusion in its policy.

It is well settled that the duty to defend is broader than the duty to indemnify (*see, Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304). "The duty to defend arises whenever the allegations in a complaint against the insured fall within the scope of risks undertaken by the insurer, regardless of how false or groundless those allegations might be" (*Seaboard Sur. Co. v Gillette Co., supra*, at 310), or even if "facts outside the four corners of those pleadings indicate that the claim may be meritless or not covered" (*Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 63). The insurer will be relieved of the duty to defend only when it can prove, as a matter of law, that the injury claimed is not covered or falls entirely within a policy exclusion (*see, Servidone Constr. Corp. v Security Ins. Co.*, 64 NY2d 419, 425). Here, the allegations of the complaint in the main negligence action fall within the scope of risks covered by the subject policy (*see, General Acc. Ins. Co. v IDBAR Realty Corp.*, 229 AD2d 515; *United States Liab. Ins. Co. v Farley*, 215 AD2d 371). Further, Liberty Mutual has failed to meet its burden of proof that, as a matter of law, coverage is vitiated by the pollution exclusion in the policy, which has been construed to be limited to environmental and industrial pollution (*see, Continental Cas. Co. v Rapid-Am. Corp.*, 80 NY2d 640, 652, 654; *Schumann v State of New York*, 160 Misc 2d 802; *Generali-U.S. Branch v Caribe Realty Corp.*, 160 Misc 2d 1056; *cf., Karroll v Atomergic Chemetals Corp.*, 194 AD2d 715, *Stoney Run Co. v Prudential-LMI Commercial Ins. Co.*, 47 F3d 34). Accordingly, the Supreme Court properly found that Liberty Mutual had a duty to defend Varveris.

Liberty Mutual's remaining contention is without merit.

We note that since the third-party complaint, *inter alia*, seeks a declaratory judgment, the Supreme Court should have directed the entry of a declaration in favor of Varveris (*see, Lanza v Wagner*, 11 NY2d 317, 334, *cert denied* 371 US 901). Miller, J. P., Sullivan, Altman and Goldstein, JJ., concur.