■ Jonathan Cepeda, an Infant, by His Mother and Natural Guardian, Noris Rodriguez, et al., Respondents, v Alexander J. Varveris, Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. Liberty Mutual Insurance Group, Third-Party Defendant-Appellant. [658 NYS2d 981] —In an action to recover damages for personal injuries, etc., the third-party defendant, Liberty Mutual Insurance Group, appeals from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated July 8, 1996, as granted that branch of the cross motion of the defendant third-party plaintiff Alexander J. Varveris which was for summary judgment declaring that Liberty Mutual Insurance Group is obligated to indemnify him in the main action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion

which was for summary judgment declaring that the third-party defendant is obligated to defend Alexander J. Varveris in the main action is denied.

In the main negligence action, Jonathan Cepeda alleged that he suffered injuries from ingesting lead-based paint in an apartment that his family rented from the defendant-landlord Alexander J. Varveris. The injury is alleged to have occurred over a period commencing when he moved into the apartment in July 1989 until the date of the complaint in July 1993. The appellant herein, Liberty Mutual Insurance Group (hereinafter Liberty Mutual), provided insurance for the subject premises from August 26, 1990, to October 31, 1991. Varveris commenced a third-party action seeking, *inter alia,* a declaration that Liberty Mutual is obligated to defend and/or indemnify him in the underlying negligence action. Liberty Mutual, on the other hand, argued, *inter alia,* that the injury to Jonathan Cepeda occurred after the policy it had issued to Varveris expired. On a prior appeal we, in effect, affirmed a prior order of the Supreme Court, Kings County, which directed Liberty Mutual to defend Varveris in the main action *(see, Cepeda v Varveris,* 234 AD2d 497).

Factual issues exist concerning if and when Jonathan Cepeda was exposed to lead paint, and whether any injury occurred as a result of that exposure during Liberty Mutual's policy period. Therefore, the finding that Liberty Mutual had a duty to indemnify Varveris was premature *(see, GA Ins. Co. v Naimberg Realty,* 233 AD2d 363; *General Acc. Ins. Co. v Idbar Realty Corp.,* 229 AD2d 515; *United States Liab. Ins. Co. v Farley,* 215 AD2d 371). O'Brien, J. P., Goldstein, McGinity and Luciano, JJ., concur.