■ LEHRER McGOVERN BOVIS, INC., et al., Appellants, v HALSEY CONSTRUCTION CORP. et al., Defendants, and ZURICH INSURANCE COMPANY, Respondent. [679 NYS2d 68] —In an action, *inter alia,* for a judgment declaring that the defendant Zurich Insurance Company has a duty to defend and indemnify the plaintiffs Lehrer McGovern Bovis, Inc., and Forest City Jay Street Associates in an action entitled *Cucchiara v Forest City Jay St. Assocs.* pending in the Supreme Court, Richmond County, under Index No. 10259/93, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Cusick, J.), dated September 5, 1997, as denied those branches of their motion which were for summary judgment declaring that the defendant Zurich Insurance Company is obligated to indemnify them in the underlying action and reimburse them for attorneys' fees incurred in defense of the underlying action.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that an insurer's duty to defend is broader than the duty to indemnify (*see, Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304; *Ruder & Finn v Seaboard Sur. Co.,* 52 NY2d 663). An insurer has a duty to defend its insured where the allegations of the complaint in the underlying action or the known facts give rise to a reasonable possibility of coverage (*see, Frontier Insulation Contrs. v Merchants Mut. Ins. Co.,* 91 NY2d 169; *Fitzpatrick v American Honda Motor Co.,* 78 NY2d 61). However, the insurer's duty to indemnify requires a determination that the insured is liable for a loss covered by the policy (*see, Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419; *General Acc. Ins. Co. v IDBAR Realty Corp.,* 229 AD2d 515). Here, the record does not demonstrate as a matter of law that the plaintiff in the underlying action was injured as a result of an occurrence covered by the policy issued by the de-

fendant Zurich Insurance Company (hereinafter Zurich). Consequently, the Supreme Court properly denied that branch of the plaintiffs' motion which was to declare that Zurich is obligated to indemnify them (*see, General Acc. Ins. Co. v IDBAR Realty Corp., supra*).

The court also properly denied that branch of the motion which was to declare that Zurich is obligated to reimburse the plaintiffs for attorneys' fees incurred in the underlying action inasmuch as the plaintiffs have refused to provide copies of bills evidencing their expenditures in defense of the underlying action. Sullivan, J. P., Altman, Friedmann and McGinity, JJ., concur.