■ THOMAS MURPHY et al., Respondents-Appellants, v NUT-MEG INSURANCE COMPANY et al., Appellants-Respondents. [773 NYS2d 413]—

In an action for a judgment declaring, inter alia, that the defendants are obligated to defend and indemnify the plaintiffs in an underlying action entitled *Town of Poughkeepsie v Thomas Espie,* pending in the United States District Court for the Southern District of New York, under Docket No. 02 CIV 6995 (CLB), the defendants appeal from so much of an order of the

Supreme Court, Dutchess County (Dillon, J.), dated April 14, 2003, as granted that branch of the plaintiffs' motion which was for summary judgment declaring that the defendants are obligated to defend them in the underlying federal action as long as there remains a pending claim sounding in negligence, and denied their cross motion for summary judgment declaring that they are not obligated to defend or indemnify the plaintiffs in the underlying federal action to the extent of determining that the defendants are required to defend the plaintiffs in the underlying federal action as long as there remains a pending claim sounding in negligence, and the plaintiffs cross-appeal from stated portions of the same order which, inter alia, denied those branches of their motion which were for summary judgment declaring that the defendants were obligated to defend and indemnify them on all claims for relief in the underlying federal action, and to provide separate counsel for each of the plaintiffs Michael Dunagan, Mary Percesepe, Lorraine Treacy, Louis Lurraso, Patrick Hinkley, and Dennis Leary in the underlying federal action.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' motion which was for summary judgment declaring that the defendants are obligated to provide separate counsel for each of the plaintiffs Michael Dunagan, Mary Percesepe, Lorraine Treacy, Louis Lurraso, Patrick Hinkley, and Dennis Leary in the underlying federal action and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the matter is remitted to the Supreme Court, Dutchess County, for the entry of a judgment declaring, inter alia, that the defendants are obligated to provide separate counsel for each of the plaintiffs Michael Dunagan, Mary Percesepe, Lorraine Treacy, Louis Lurraso, Patrick Hinkley, and Dennis Leary in the underlying federal action as long there remains a pending claim sounding in negligence.

The plaintiffs commenced this action seeking a judgment declaring that the defendants are obligated to defend and indemnify them in an underlying federal action pursuant to an errors and omissions insurance policy. In the underlying federal action, the Town of Poughkeepsie asserted, inter alia, three causes of action against the plaintiffs, who were former town board members, for RICO violations, breach of fiduciary duty, and negligence in connection with their approval of the purchase of a building for town police and court facilities.

The subject policy clearly excluded coverage for, among other things, dishonest, fraudulent, and criminal or malicious acts of the insured, as well as acts arising out of an insured's activities in a fiduciary capacity. Although the Supreme Court correctly concluded that there was no basis to compel the defendants to defend the plaintiffs if the RICO violations and breach of fiduciary duty claims were the only claims for relief against the plaintiffs in the underlying federal action in light of the policy exclusions (see Technicon Elecs. Corp. v American Home Assur. Co., 74 NY2d 66, 73 [1989]; Physicians' Reciprocal Insurers v Blank, 258 AD2d 573 [1999]; Tartaglia v Home Ins. Co., 240 AD2d 396 [1997]), the Supreme Court also correctly found that the defendants were required to defend the plaintiffs with respect to all claims for relief, as long as there remains a pending claim sounding in negligence, since the allegations set forth in that claim for relief fall within the scope of risks covered by the subject policy (see Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 310 [1984]). Therefore, the Supreme Court correctly denied that branch of the plaintiffs' motion which was for summary judgment declaring that the defendants are obligated to defend them on causes of action to recover for RICO violations and breach of fiduciary duty, and in denying that branch of the defendants' motion which was for summary judgment declaring that they were not obligated to defend the plaintiffs on the negligence claim for relief.

Further, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on their cause of action for indemnification, since there are triable issues of fact with respect to the plaintiffs' negligence in the underlying action (see Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d 169 [1997]; Public Serv. Mut. Ins. Co. v Goldfarb, 53 NY2d 392 [1981]; Cepeda v Varveris, 239 AD2d 536 [1997]; General Acc. Ins. Co. of Am. v IDBAR Realty Corp., 229 AD2d 515 [1996]).

However, the Supreme Court erred in denying that branch of the plaintiffs' motion which was to compel the defendants to provide separate counsel for each of the plaintiffs Michael Dunagan, Mary Percesepe, Lorraine Treacy, Louis Lurraso, Patrick Hinkley, and Dennis Leary, since each made a claim for contribution, and thus, the possibility of conflict exists (see Death v Salem, 111 AD2d 778 [1985]).

Accordingly, we remit the matter to the Supreme Court, Dutchess County, for the entry of a judgment declaring, inter alia, that the defendants are obligated to provide separate counsel for each of the plaintiffs Michael Dunagan, Mary

Percesepe, Lorraine Treacy, Louis Lurraso, Patrick Hinkley, and Dennis Leary in the underlying action as long as there remains a pending claim sounding in negligence. Ritter, J.P., Krausman, Townes and Cozier, JJ., concur.