■ GREENPOINT BANK, Appellant, v TWIN CITY FIRE INSURANCE COMPANY, Respondent, et al., Defendant. [775 NYS2d 894]—

In an action, inter alia, for a judgment declaring that the defendant Twin City Fire Insurance Company is obligated to defend and indemnify the plaintiff in an underlying personal injury action entitled *Pittman v Greenpoint Savings Bank,* in the Supreme Court, Kings County, under Index No. 11601/95, and for damages, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (R. Rivera, J.), dated May 23, 2002, as denied its motion for summary judgment declaring that the defendant Twin City Fire Insurance Company is obli-

gated to indemnify the plaintiff and for damages in the amount of $500,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

The duty to indemnify requires a determination that the insured is liable for a loss covered by the policy (see *Servidone Constr. Corp. v Security Ins. Co. of Hartford*, 64 NY2d 419 [1985]; *Lehrer McGovern Bovis v Halsey Constr. Corp.*, 254 AD2d 335 [1998]). Generally, the burden is on the insured to establish coverage in the first instance (see *Consolidated Edison Co. of N.Y. v Allstate Ins. Co.*, 98 NY2d 208 [2002]). Here, the Supreme Court properly determined that on the record presented, it could not be said as a matter of law that the appellant, Greenpoint Bank, established that the infant plaintiff in the underlying action was injured during the effective dates of the policy issued by the defendant Twin City Fire Insurance Company (see *General Acc. Ins. Co. of Am. v IDBAR Realty Corp.*, 229 AD2d 515 [1996]; *Lehrer McGovern Bovis v Halsey Constr. Corp., supra*). Florio, J.P., Townes, Cozier and Mastro, JJ., concur.