■ JOSEPH LABATE et al., Respondents, v LIBERTY MUTUAL FIRE INSURANCE COMPANY, Appellant. [799 NYS2d 71]—

In an action, inter alia, for a judgment declaring that the defendant Liberty Mutual Fire Insurance Company is obligated to defend and indemnify the plaintiffs in an action entitled *Scappatura v Labate,* pending in the Supreme Court, Nassau County, under index No. 10031/03, and a third-party action entitled *Allstate Insurance Company v Labate,* interposed in an action entitled *Scappatura v Allstate Insurance Company,* commenced in the Supreme Court, Nassau County, under index No. 12691/01, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.),

dated August 3, 2004, as granted that branch of the plaintiffs' motion which was for summary judgment declaring that it was obligated to defend the plaintiffs in the underlying action and third-party action.

Ordered that the appeal from so much of the order as granted that branch of the plaintiffs' motion which was for summary judgment declaring that it was obligated to defend the plaintiffs in the third-party action is dismissed as academic as the third-party action has been discontinued; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

"[T]he duty to defend is broader than the duty to indemnify" and "arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy" (*Fitzpatrick v American Honda Motor Co.,* 78 NY2d 61, 65 [1991]; *see Town of Massena v Healthcare Underwriters Mut. Ins. Co.,* 98 NY2d 435, 443 [2002]). " '[T]he duty to defend arises whenever the allegations in a complaint against the insured fall within the scope of the risks undertaken by the insurer . . . [and, it is immaterial] that the complaint against the insured asserts additional claims which fall outside the policy's general coverage or within its exclusory provisions' " (*Town of Massena v Healthcare Underwriters Mut. Ins. Co., supra* at 443-444, quoting *Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 310 [1984]). "[I]f the insurer is to be relieved of a duty to defend, it must demonstrate that the allegations of the underlying complaint place that pleading solely and entirely within exclusions of the policy and that the allegations are subject to no other interpretation" (*Baron v Home Ins. Co.,* 112 AD2d 391, 392 [1985]; *see County of Columbia v Continental Ins. Co.,* 83 NY2d 618, 627 [1994]; *Dayton Beach Park No. 1 Corp. v National Union Fire Ins. Co.,* 175 AD2d 854, 856 [1991]; *National Cas. Ins. Co. v City of Mount Vernon,* 128 AD2d 332, 335-336 [1987]).

Pursuant to the homeowners insurance policy issued by the defendant, Liberty Mutual Fire Insurance Company (hereinafter Liberty Mutual), to the plaintiffs, an "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in . . . [p]roperty damage." Contrary to the arguments of Liberty Mutual, "the language of the occurrence clause herein ascribes no temporal relevance to the causative event preceding the covered [property damage], but rather premises coverage exclusively upon the sustaining of

specified [property damage] during the policy period" (*National Cas. Ins. Co. v City of Mount Vernon, supra* at 336; *see United States Liab. Ins. Co. v Farley,* 215 AD2d 371, 373 [1995]; *Levine v Lumbermen's Mut. Cas. Co.,* 147 AD2d 423, 425-426 [1989]). The complaint in the underlying action entitled *Scappatura v Labate* pending in the Supreme Court, Nassau County, under index No. 10031/03 contains allegations of property damage sustained, in part, during the policy period. It is immaterial whether the causative event happened during or before the policy period (*see National Cas. Ins. Co. v City of Mount Vernon, supra* at 336). Thus, the Supreme Court correctly determined that the "occurrence" did not predate the inception of the home-owners policy and that the plaintiffs timely notified Liberty Mutual of the underlying action.

Liberty Mutual's remaining contentions are without merit. S. Miller, J.P., Goldstein, Crane and Lifson, JJ., concur.