■ ALLCITY INSURANCE COMPANY, Respondent, v JOSEPH FISCH, Appellant, and EMMANUEL CRESPO, Respondent, et al., Defendant. [820 NYS2d 107]—

In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendant Joseph Fisch in an underlying action entitled *Crespo v Fisch,* pending in the Supreme Court, Kings County, under index No. 43714/99, (1) the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated May 26, 2005, as denied its motion for summary judgment declaring that it is not obligated to defend and indemnify Joseph Fisch in the underlying action and granted those branches of the separate cross motions of the defendants Emmanuel Crespo and Joseph Fisch which were for summary judgment declaring that it is obligated to defend Joseph Fisch in the underlying action, and (2) the defendant Joseph Fisch cross-appeals from so much of the same order as denied, as premature, that branch of his cross motion which was for summary judgment declaring that the plaintiff is obligated to indemnify him in the underlying action.

Ordered that the order is affirmed, without costs or disbursements.

The duty to defend is broader than the duty to indemnify and arises "whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy" (*Town of Massena v Healthcare Underwriters*

*Mut. Ins. Co.,* 98 NY2d 435, 443 [2002], quoting *Fitzpatrick v American Honda Motor Co.,* 78 NY2d 61, 65 [1991]; *see Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 310 [1984]; *Labate v Liberty Mut. Fire Ins. Co.,* 19 AD3d 652, 653 [2005]). Here, the allegations of the complaint in the underlying negligence action fall within the scope of risks covered by the subject policy (*see Cepeda v Varveris,* 234 AD2d 497 [1996]; *General Acc. Ins. Co. of Am. v IDBAR Realty Corp.,* 229 AD2d 515 [1996]; *United States Liab. Ins. Co. v Farley,* 215 AD2d 371 [1995]). Accordingly, the Supreme Court properly granted those branches of the separate cross motions of the defendants Emmanuel Crespo and Joseph Fisch which were for summary judgment declaring that the plaintiff had a duty to defend Fisch.

However, because it could not be determined on the record before the Supreme Court whether any injury occurred during the policy period, the Supreme Court properly determined that a declaration that the plaintiff had a duty to indemnify Fisch was premature (*see Cepeda v Varveris,* 239 AD2d 536 [1997]; *GA Ins. Co. of N.Y. v Naimberg Realty Assoc.,* 233 AD2d 363 [1996]; *General Acc. Ins. Co. of Am. v IDBAR Realty Corp., supra; United States Liab. Ins. Co. v Farley, supra*). Luciano, J.P., Rivera, Lifson and Covello, JJ., concur.