■ GREENWICH INSURANCE COMPANY, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendants. [34 NYS3d 408]—

Order, Supreme Court, New York County (Frank P. Nervo, J.), entered April 9, 2015, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to compel the city defendants to provide outstanding discovery responses, and denied the city defendants' cross motion for summary judgment dismissing the complaint or to stay the action, unanimously reversed, on the law, without costs, the city defendants' cross motion granted solely to the extent of staying this action pending resolution of the liability phase of the underlying actions, and plaintiff's motion denied as moot.

Plaintiff insurance company commenced this action seeking a declaration that it is not required to defend or indemnify the city defendants in connection with the six underlying lawsuits. The city defendants are "additional insureds" on the insurance policy, as to which coverage is limited to injuries caused, in whole or in part, by the acts or omissions of the named insured, defendant Triumph Construction Corporation or those acting on its behalf.

In a prior appeal, this Court found that plaintiff is obliged to defend the city defendants in the underlying negligence actions, and so declared (*Greenwich Ins. Co. v City of New York*, 122 AD3d 470 [1st Dept 2014]).

Plaintiff's remaining cause of action regarding its duty to indemnify depends on factual issues that will be resolved in the underlying actions. Whether the injuries suffered by the individual plaintiffs in the underlying actions arose out of work performed by Triumph, as required to trigger additional insured coverage, focuses " 'not on the precise cause of the accident but the general nature of the operation in the course of which the injury was sustained' " (*Worth Constr. Co., Inc. v Admiral Ins. Co.*, 10 NY3d 411, 416 [2008], quoting *Impulse Enters./F & v Mech. Plumbing & Heating v St. Paul Fire & Mar. Ins. Co.*, 282 AD2d 266, 267 [1st Dept 2001]; *Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA*, 15 NY3d 34, 38 [2010]). Therefore, because those issues will be resolved in the liability phase of the underlying negligence actions, all discovery and motion practice in this declaratory judgment action should be stayed pending the resolution of the liability phase in those negligence actions. Concur—Friedman, J.P., Acosta, Moskowitz, Kapnick and Gesmer, JJ.