One Reason Rd., LLC v Seneca Ins. Co., Inc. (2018 NY Slip Op 05476)





One Reason Rd., LLC v Seneca Ins. Co., Inc.


2018 NY Slip Op 05476


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-00662
 (Index No. 2322/13)

[*1]One Reason Road, LLC, respondent, 
v
Seneca Insurance Company, Inc., appellant, et al., defendants.


Tese & Milner LLP, New York, NY (Michael M. Milner of counsel), for appellant.
Andrea G. Sawyers, Melville, NY (Scott W. Driver of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for declaratory relief, the defendant Seneca Insurance Company, Inc., appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered December 1, 2015. The order granted the plaintiff's motion for summary judgment declaring that the defendant Seneca Insurance Company, Inc., is obligated to defend and indemnify the plaintiff in the underlying action.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the defendant Seneca Insurance Company, Inc., is obligated to defend and indemnify the plaintiff in the underlying action.
The plaintiff (hereinafter the landlord) was the owner of certain real property located in Queens County (hereinafter the subject property) that included a building that was used as a commercial warehouse. The landlord leased a portion of the subject property to the defendant Eshipper USA Corporation (hereinafter Eshipper). Under the terms of the lease, Eshipper was obligated to obtain certain insurance coverage for the landlord. Eshipper obtained a commercial general liability policy (hereinafter the subject policy) from the defendant Seneca Insurance Company, Inc. (hereinafter Seneca), which named the landlord as an additional insured.
During the course of Eshipper's tenancy, the defendant Sanjay Bharsakal was allegedly injured while he was walking on the subject property. Bharsakal alleged that the accident occurred when he slipped and fell on snow and ice while he was walking toward a door to the warehouse after parking his truck in a parking lot located on the subject property.
Bharsakal commenced a personal injury action (hereinafter the underlying action) against the landlord and others. The landlord, in turn, commenced this action against, among others, Seneca. The landlord alleged that it was named as an additional insured on the subject policy. The landlord sought, inter alia, a declaration that Seneca was obligated to defend and indemnify it in the underlying action.
After joinder of issue, the landlord moved for summary judgment declaring that [*2]Seneca is obligated to defend and indemnify it in the underlying action. Seneca opposed the landlord's motion, arguing, among other things, that the additional insured provision of the subject policy was not triggered because the alleged accident did not occur on the portion of the subject property that had been leased to Eshipper. In an order entered December 1, 2015, the Supreme Court granted the landlord's motion. Seneca appeals, and we affirm.
"A duty to defend is triggered by the allegations contained in the underlying complaint" (BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 714; see Cumberland Farms, Inc. v Tower Group, Inc., 137 AD3d 1068, 1070). "[A]n insurer's duty to defend its insured arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy" (Fitzpatrick v American Honda Motor Co., 78 NY2d 61, 65; see BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d at 714). "If the allegations of the complaint are even potentially within the language of the insurance policy, there is a duty to defend" (Town of Massena v Healthcare Underwriters Mut. Ins. Co., 98 NY2d 435, 443).
It is immaterial that "the complaint against the insured asserts additional claims which fall outside the policy's general coverage or within its exclusory provisions" (Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 310). "If any of the claims against the insured arguably arise from covered events, the insurer is required to defend the entire action" (Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d 169, 175). The duty remains "even though facts outside the four corners of [the] pleadings indicate that the claim may be meritless or not covered" (Fitzpatrick v American Honda Motor Co., 78 NY2d at 63; see Automobile Ins. Co. of Hartford v Cook, 7 NY3d 131, 137).
"[A]n insurer's duty to defend is exceedingly broad" (Colon v Aetna Life & Cas. Ins. Co., 66 NY2d 6, 8; see Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 648). When a policy represents that it will provide the insured with a defense, the Court of Appeals has said that such a policy "actually constitutes litigation insurance' in addition to liability coverage" (Automobile Ins. Co. of Hartford v Cook, 7 NY3d at 137; see Seaboard Sur. Co. v Gillette Co., 64 NY2d at 310; International Paper Co. v Continental Cas. Co., 35 NY2d 322, 326-327). Accordingly, "an insurer may be contractually bound to defend even though it may not ultimately be bound to pay, either because its insured is not factually or legally liable or because the occurrence is later proven to be outside the policy's coverage" (Fitzpatrick v American Honda Motor Co., 78 NY2d at 65; see BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d at 714; Automobile Ins. Co. of Hartford v Cook, 7 NY3d at 137; Seaboard Sur. Co. v Gillette Co., 64 NY2d at 310).
"[A]n insurance company's duty to defend is broader than its duty to indemnify" (Automobile Ins. Co. of Hartford v Cook, 7 NY3d at 137). As a general matter, an insurance company will have a duty to indemnify an insured party when the underlying occurrence falls within the scope of coverage afforded by the particular insurance policy at issue (see e.g. Greenwich Ins. Co. v City of New York, 139 AD3d 615, 616; Stout v 1 E. 66th St. Corp., 90 AD3d 898, 903; Lehrer McGovern Bovis v Halsey Constr. Corp., 254 AD2d 335, 335-336). Accordingly, even where a duty to defend has been established, there may still be a triable issue of fact as to whether the underlying occurrence was actually within the scope of coverage afforded by the particular policy at issue (see Greenwich Ins. Co. v City of New York, 139 AD3d at 616). "The scope of coverage under a general liability insurance policy is defined largely, if not exclusively, by the express grant of coverage contained in the policy" (1-15 New Appleman New York Insurance Law § 15.04[1][a]; see generally Worth Constr. Co., Inc. v Admiral Ins. Co., 10 NY3d 411, 415; Automobile Ins. Co. of Hartford v Cook, 7 NY3d at 137-138).
Here, the subject policy named the landlord as an additional insured, "but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to [Eshipper]." The Court of Appeals has stated that "the phrase arising out of' . . . requires only that there be some causal relationship between the injury and the risk for which coverage is provided" (Maroney v New York Cent. Mut. Fire Ins. Co., 5 NY3d 467, 472; see Regal Constr. Corp. v National Union Fire Ins. Co. of Pittsburgh, PA, 15 NY3d 34, 38).
Contrary to Seneca's contention, the landlord established, prima facie, that the underlying accident constituted an occurrence that falls within the scope of coverage afforded by the subject policy. In support of its motion, the landlord submitted a transcript of Bharsakal's deposition testimony, wherein he testified that the underlying accident occurred when he slipped and fell on snow and ice while he was walking toward a door to the warehouse after parking his truck in a parking lot located on the subject property. The lease agreement between the landlord and Eshipper provided that the landlord was leasing to Eshipper a certain portion of the warehouse and a certain portion of the parking lot, "together with any necessary easements, privileges or rights of way over the adjoining premises." Consistent with these provisions, the lease required Eshipper to pay its proportional share of the "common area costs" incurred in operating and maintaining the subject property, which included the costs associated with "cleaning, sweeping, maintaining and repairing the . . . parking lots and sidewalks" and "snow removal [and] outside cleaning." The lease also required Eshipper to maintain commercial general liability insurance coverage against claims for bodily injury occurring not only on the leased portions of the warehouse and parking lot, but also on "the adjoining sidewalks and passageways."
The landlord's submissions demonstrated, as a matter of law, that the underlying accident occurred while Bharsakal was using a part of the subject property that had been leased to Eshipper. In opposition, Seneca failed to raise a triable issue of fact as to whether the underlying accident occurred on a portion of the subject property that was not leased to Eshipper, or whether the underlying occurrence did not otherwise fall within the scope of coverage specified in the additional insured provision of the subject policy.
Contrary to Seneca's contention, the landlord's motion for summary judgment was not premature. Seneca failed to demonstrate that further discovery might lead to relevant evidence or that facts essential to justify opposition to the motion were exclusively within the knowledge and control of the landlord (see Leak v Hybrid Cars, Ltd., 132 AD3d 958, 959).
Contrary to Seneca's further contention, a declaration as to its general duty to indemnify the landlord in the underlying action may be made at this juncture, even though there has been no finding of negligence. Seneca's duty to indemnify the landlord arises from the terms applicable to additional insureds contained in the subject policy, and that duty is independent from any issue of contractual indemnification arising out of the terms of the subject lease agreement between the landlord and Eshipper (cf. Spector v Cushman & Wakefield, Inc., 100 AD3d 575, 575; see generally Kinney v Lisk Co., 76 NY2d 215, 218). Since the landlord demonstrated, as a matter of law, that the underlying occurrence falls within the scope of coverage afforded to it under the subject policy, it is entitled to a declaration that Seneca has a duty to indemnify it in the event that it incurs liability in the underlying action (see William Floyd School Dist. v Maxner, 68 AD3d 982, 985-986; Structure Tone v Component Assembly Sys., 275 AD2d 603, 603-604; see also Tishman Constr. Corp. of N.Y. v CNA Ins. Co., 236 AD2d 211; cf. Stout v 1 E. 66th St. Corp., 90 AD3d at 903; Lehrer McGovern Bovis v Halsey Constr. Corp., 254 AD2d at 335-336).
Accordingly, we agree with the Supreme Court's determination to grant the landlord's motion for summary judgment declaring that Seneca is obligated to defend and indemnify it in the underlying action. Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that Seneca is obligated to defend and indemnify the landlord in the underlying action (see Lanza v Wagner, 11 NY2d 317, 334).
AUSTIN, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court