Citizens Ins. Co. of Am. v American Ins. Co. (2020 NY Slip Op 05573)





Citizens Ins. Co. of Am. v American Ins. Co.


2020 NY Slip Op 05573


Decided on October 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2020

Before: Renwick, J.P., González, Kennedy, Mendez, JJ. 


Index No. 652925/18 Appeal No. 12005 Case No. 2019-05004 

[*1]Citizens Insurance Company of America, Plaintiff-Respondent,
v
The American Insurance Company, Defendant-Appellant.


Lester Schwab Katz & Dwyer, LLP, New York (Paul M. Tarr of counsel), for appellant.
Goldberg Segalla LLP, Buffalo (Adam R. Durst of counsel), for respondent.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered November 1, 2019, which granted plaintiff's motion for partial summary judgment and declared that defendant has a duty to defend plaintiff's insured, Sahara Dreams LLC, and denied defendant's cross motion for summary judgment and declared that defendant has a duty to defend and indemnify Sahara, unanimously modified, on the law, to declare that defendant is obligated at this stage to merely defend Sahara, and otherwise affirmed, without costs.
Supreme Court properly determined that defendant The American Insurance Company (AIC) had a duty to defend Sahara as an additional insured, because there is a reasonable possibility that coverage for Sahara, under the AIC policy, is implicated. AIC's MultiCover endorsement of the commercial general liability policy it issued to Market Corner provides, as relevant here, that "[a]ny person or organization is included as an additional insured, but only to the extent such person or organization is legally obligated to pay for bodily injury, property damage or personal and advertising injury caused by your acts or omissions." The Court of Appeals has held that when an endorsement providing additional insured coverage, as here, "is restricted to liability for any bodily injury caused . . . by the acts or omissions of the named insured, the coverage applies to injury proximately caused by the named insured" (Burlington Ins. Co. v NYC Tr. Auth., 29 NY3d 313, 317 [2017]). Such endorsement, the Court of Appeals explained, is "intended to provide coverage for an additional insured's vicarious liability or contributory negligence, and to prevent coverage for the additional insured's sole negligence" (id. at 326). Since the underlying personal injury complaint here contains allegations that all defendants, including Sahara, are liable for bodily injuries, and that all defendants, including Market Corner, were a proximate cause of those injuries, AIC's duty to defend is triggered.
However, it was premature to declare that defendant AIC is obligated to indemnify (as opposed to only defend) Sahara in an underlying personal injury action (see Mt. Hawley Ins. Co. v American States Ins. Co., 168 AD3d 558, 559 [1st Dept 2019]; Greenwich Ins. Co. v City of New York, 139 AD3d 615 [1st Dept 2016]). The injury occurred on a loading dock located on the property leased to Sahara. As indicated, defendant AIC's policy affords coverage to Sahara as an additional insured for bodily injury proximately caused by defendant's named insured, which had an easement to use the leading dock (see Burlington, 29 NY3d 313). It has not yet been determined whether
defendant AIC's named insured, Market Corner, was a proximate cause of the injuries.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2020